[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13070
Non-Argument Calendar
_____

Agency No. A079-144-414

THIRUKKUMAR SELVARATNAM,
a.k.a. Thirukkumar Sevaraththnam,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 9, 2017)

Before MARCUS, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

This petition for review requires us to determine whether an immigration judge and the Board of Immigration Appeals had substantial evidence to determine that an alien who applied for withholding of removal proceedings was not credible. Thirukkumar Selvaratnam, a citizen of Sri Lanka, unlawfully entered the United States in 2001 and was removed in 2004. When Selvaratnam unlawfully reentered the country in 2009, an immigration judge again ordered his removal. The Board affirmed the decision but later granted a motion to reopen and remanded the matter. Selvaratnam then applied for withholding of removal based on an assertion that, because of his Tamil ethnicity, he was more likely than not to suffer torture, 8 C.F.R. § 208.16(c)(2), or deprivation of life or freedom, *id.* § 208.16(b)(2), if the government removed him to Sri Lanka. After the immigration judge determined that Selvaratnam's testimony was not credible and that he failed to offer sufficient corroborating evidence, the immigration judge denied Selvaratnam's application. The Board affirmed. We deny Selvaratnam's petition for review.

The Board adopted the judge's adverse determination of Selvaratnam's credibility, so we review the decisions of both the Board and the immigration judge, *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007), and ask whether the adverse determination is supported by substantial evidence, *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254–55 (11th Cir. 2006). We review "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in

2

favor of that decision." *Id.* at 1255 (quotation omitted). And we can reverse the adverse determination of credibility only if the record "compels" reversal. *Id.* (quotation omitted).

An adverse determination of an applicant's credibility is sufficient to reject an application for withholding of removal, but an immigration judge can arrive at its determination only after "consider[ing] *all* evidence." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). Testimonial evidence that by itself would not be credible can be rehabilitated with corroborative evidence just as credible testimony may be undercut by documentary evidence that is not credible. *See id.*; *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (establishing that non-testimonial evidence is relevant to determinations of credibility); *Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1240 (11th Cir. 2010) (concluding that credibility should be assessed based on the "the totality of the record," including possible corroborating evidence).

An immigration judge must supply "cogent reasons" for an adverse determination of credibility. *Forgue*, 401 F.3d at 1287 (citation omitted). An adverse determination of credibility may be made after considering the totality of the circumstances, which includes, among other things, "demeanor," "candor," "responsiveness," "inherent plausibility," the consistency between written and oral statements, and "the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii). Even a small number of inconsistencies can justify

an adverse determination of credibility. *See Xia*, 608 F.3d at 1240–41 (holding that the record supported an adverse determination of credibility where the applicant's testimony included one inconsistency concerning the age at which she had an abortion and one omission concerning information missing from a certificate she introduced).

As an initial matter, Selvaratnam abandons any challenge to the denial of relief based on a risk of torture, 8 C.F.R. § 208.16(c)(2). An appellant abandons any argument or issue he does not raise in his initial brief, *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005), and Selvaratnam's brief focuses only on the risk of deprivation of life or freedom, 8 C.F.R. § 208.16(b)(2).

Substantial evidence supports the finding that Selvaratnam was not credible. The immigration judge and the Board determined that Selvaratnam presented inconsistent positions. Selvaratnam stated both that he had entered the country through Florida and through Texas. And Selvaratnam's statements regarding his detentions in Sri Lanka were inconsistent as to the number, severity, and manner of termination of those detentions. The immigration judge and the Board also determined that Selvaratnam provided vague statements. Selvaratnam helped the Federal Bureau of Investigation apprehend the person who smuggled him into the country. He asserted that the smuggler had government connections in Sri Lanka

4

and would seek revenge, but he failed to provide any additional detail, such as to whom the smuggler had ties or that person's role in the government.

Selvaratnam's non-testimonial evidence does not corroborate his claim enough to overcome these weaknesses. *See Xia*, 608 F.3d at 1240. Selvaratnam submitted a letter purportedly drafted by his sister, but that letter only further undermined his credibility. In explaining how people had communicated a threat against Selvaratnam's life to his family, Selvaratnam stated that, on multiple occasions, several unidentified individuals relayed the threat to his sister at her home in Sri Lanka, but her purported letter asserted that the threat was relayed only once by a named woman at a funeral.

Selvaratnam also included documentary evidence that detailed the persecution some individuals of Tamil ethnicity suffered at the hands of the Sri Lankan government, but these documents had limited probative value for two reasons. First, the documents established that conditions for people of Selvaratnam's ethnicity were improving in Sri Lanka. Second, the documents do not directly relate to the individual risk Selvaratnam argues he faced. *See Xiu Ying Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 497 (11th Cir. 2013) (holding that the "failure to authenticate the abortion certificate may mitigate the probative value of [the applicant's] corroborative evidence").

Our task is not to "intrude upon the domain which Congress has exclusively entrusted to an administrative agency" by determining credibility *de novo*. *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)). The ability to draw a different conclusion from the record does not allow us to reverse the credibility determination unless the record lacks enough evidence to support the initial determination. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1351 (11th Cir. 2009). The record here does not lack that evidence. Because an adverse determination of credibility is enough to deny an application for withholding of removal where an applicant fails to include sufficient corroborating evidence, we deny the petition for review.

**PETITION DENIED.**